Atwater *v.* Woodward.

ATWATER *v.* WOODWARD.

Where there is good reason for believing that a full and true transcript has not been sent up from a justice of the peace, and where application was le within a reasonable time for a rule to perfect the record, it error to refuse such record.

*Appeal from Marshall District Court.*

*Opinion by* HALL, J.  This case was an appeal from the judgment of a justice of the peace, to the district court of Marshall county.  Mahlon Woodward, as plaintiff below, recovered judgment against DeWitt C. Atwater, from which Atwater appealed.  The appeal bond was filed, but the justice in returning his transcript to the district court, did not return any allowance of the appeal, or certify the approval of the appeal bond.  The defendant below filed in the district court an affidavit, showing conclusively that the appeal was taken and allowed by the justice, within twenty days after the rendition of the judgment, and that the appeal bond was approved, and prayed for a rule upon the justice, to perfect his returns.  At the same time, the plaintiff below moved the court to dismiss the appeal.  The court below refused the rule upon the justice, and sustained the motion of plaintiff, and dismissed the appeal, to which exceptions were taken.

We cannot but think that the court below erred in not allowing the correction of the transcript, or in not making the correction itself, especially as the rule was applied for within a reasonable time.  There is every evidence of good faith on the part of the appellant, in taking this appeal, and the evident omission of the justice in making his return,

should not subject him to such consequences. §§ 2338, 2339 of the Code, apply to this case, and clearly define the duty of the court upon this question.

Judgment reversed, with directions to the court to allow the rule upon the justice, to correct the return, and proceed to try the cause de novo.

                                    